RECEIVED
MAY - 6 2013
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| WAYNE H. NORMAN, | 1:13-cv-03440 |
| Plaintiff, | Judge Rebecca R. Pallmeyer |
| v. | Magistrate Judge Sidney I. Schenkier |
| EOS CCA | JURY DEMAND |
| Defendant. | |

## COMPLAINT

NOW COMES the Plaintiff, WAYNE H. NORMAN, by and through himself and for his Complaint against the Defendant, EOS CCA, and Plaintiff states as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*, and the Fair Debt Collection Practices Act ( hereinafter, "FDCPA"), 15 U.S.C. section 1692 *et seq*, .which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## JURISDICTION & VENUE

1. Jurisdiction arises under the under the FDCPA, and TCPA, pursuant to 28 U.S.C. sections 1331 and 28 U.S.C. section 1337.

2. Venue is proper in this district pursuant to 28 U.S.C. section 1391(b).

## PARTIES

WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is an individual who was at all relevant times residing in Cook County, Illinois.

3. At all relevant times, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. section 1692a (3).

4. EOS CCA, (hereinafter, "CCA") is a business entity engaged in the collection of debt. Defendant is located at 700 Longwater Drive, Norwell, MA 02061, whose primary business is debt collection from consumers.

5. At all relevant times, Defendant acted as a "debt collector" as that term is defined by 15 U.S.C. section 1692a (6).

## ALLEGATIONS OF FACT

6. Plaintiff received unwarranted and unsolicited phone calls from Defendant to his cellular telephone seeking to collect an alleged debt.

7. Said cellular number is not stated in this civil action Complaint in the interest of privacy; however, Defendant will be advised of said cellular number confidentially.

8. Plaintiff is not in privy with Defendant, and **_does not owe_** Defendant any money.

9. Plaintiff has never provided his phone number to Defendant or given his express consent to be called, whether on his own or on behalf of any third party.

10. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

11. Defendants call utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

12. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

13. The most egregious types of these calls are placed to those consumers who in fact have no debt whatsoever owed to Defendant.

14. Plaintiff received the initial phone call placed from (877) 528-3499, on or about March 23, 2013. Plaintiff did not recognize the number, and allowed the call to proceed directly to his cell phone voice mail.

15. Plaintiff later accessed the call from his cell phone voice mail. The automated message stated, "Hello, this message is for Jo Catherine Walker. If you are not Jo Catherine Walker, please hang up and call (877) 528-3499 to remove this number from our records. If you continue to listen to this message, you are acknowledging that you are Jo Catherine Walker; this message contains personal private information. This is the EOCCA collection agency, this is an attempt to collect a debt and any information obtained will be used for that purpose. Please contact me back regarding this personal and private matter at (877) 528-3499. When calling please reference account number 18575722. Thank you."

16. Plaintiff received three more calls from the Defendant with the same verbiage *after* the initial call.

17. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Defendant for the purpose of debt collection or any other purpose.

## COUNT I

## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Without prior consent, the Defendant contacted Plaintiff four (4) times by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii).

20. The phone calls were made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

21. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

22. As a result of Defendant's illegal conduct, should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

5

## COUNT II

## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

25. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## PRAYER OF RELIEF

**WHEREFORE,** Plaintiff, Wayne H. Norman, prays for the following relief:

a) Statutory damages pursuant to 47 U.S.C. section 227(b)(3)(B) & (C);

b) Statutory damages pursuant to 15 U.S.C. section 1692k;

c) Actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

TCPA, and FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

d) Jury trial;

e) Such other and further relief as may be just and proper.

Respectfully submitted,

Wayne H. Norman

509 Elgin Apt. 1

Forest Park, IL 60130

whnorman@hotmail.com